DAVID QUICK

v.

I. & ST. L. RY. CO.

*Master and Servant—Personal Injuries— Contributory Negligence—Rules and Regulations—Special Findings.*

In an action by a railroad employe for an injury suffered by him while engaged under a car, this court declines to interfere with the judgment for the defendant, notwithstanding a general verdict for the plaintiff, the special findings of the jury showing contributory negligence on his part.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Coles County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CRAIG & CRAIG, for plaintiff in error.

Messrs. JOHN T. DYE and WILLIAM H. DYE, for defendant in error.

CONGER, J.   This is an action brought by plaintiff in error against defendant in error, for an injury resulting to him from the moving of a car on a track in the yards of defendant in error at Mattoon, Illinois.

Plaintiff in error was in the employ of defendant in error as a carpenter, and as a part of his duty, went under a car standing upon a side track in the yard to make some repairs upon it, and while so underneath it, the switch engine ran against the car, moving it forward, and thereby seriously and permanently injured plaintiff in error.

The jury returned a general verdict in favor of plaintiff in error for $500, and also returned answers to the following questions submitted to them at the request of the plaintiff in error, as follows:

Q.  Was the plaintiff injured by the defendant?   A.   Yes.

Q.   Was the plaintiff in the employ of the defendant at the time he was injured?   A.   Yes.

Q.   Is the plaintiff injured permanently?   A.   Yes.

Q.   Was Severns a person who used intoxicating liquors to excess?   A.   Yes.

Q.   Had Severns been using intoxicating liquors a short time previous to his sending the engine to get the car?   A.   No.

Q.   Could the engineer have seen the person at work under the car had he looked in time to have stopped his engine before he struck the car?   A.   No.

Q.   Did the engineer fail to ring the bell or sound the whistle after going on the track that the car was on that was being repaired?   A.   Yes.

And the jury answered the questions submitted to them by the court at the request of defendant as follows:

Q.   Did the injury complained of in the declaration result from the moving up a car on a track in the yards of the

defendant, in the attempt to attach a locomotive thereto while Quick was at work making repairs under the car?    A.    Yes.

Q.    Were any flags displayed on said car, or in front of the same, to warn the engineer of the approaching train, of the fact that plaintiff was at work under said car?    A.    No.

Q.    Was any signal or warning of any kind given to the engineer of the approaching train, of the fact that the plaintiff was at work under said car?    If so, what signal or warning was given?    A.    No.

Q.    Were there blue flags in the yards of said company where said accident occurred, at the time Quick went under said car, provided for the express purpose of being used as signals of danger, when car repairers or inspectors should be at work under cars?    A.    Yes.

Q.    At the time Quick went under said car to work, did he know these blue signal flags were in the yard?    A.    Yes.

Q.    Did the rules of the defendant company provide that when making repairs to cars standing on the main track or side track they must protect themselves by placing a blue signal in the draw-head or on the platform of the car at each end of the train, to prevent the cars from being coupled to, or moved while they are making repairs?    A.    Yes.

Q.    Did the plaintiff, Quick, at the time he went under the car, before the happening of the accident complained of, display any blue flag or signal of any kind, to protect himself from danger of the car being coupled onto, or moved while he was under the car?    A.    No.

Q.    Did he ask for, or inquire after the signal flags, to get them for his own protection?    A.    No.

The Circuit Court rendered a judgment for the defendant in error upon the special findings of the jury, notwithstanding the general verdict in favor of plaintiff in error.

The jury found that the rules of the company required Quick, before going under the car, to place the signal flag upon it, so that it might be known to the other employes in the yard, that such car could not be moved; that he knew at the time that these flags were in the yard; but, that neither the flags required by the rules of the company, nor any of the

signals of any kind were displayed by plaintiff in error to protect himself from the danger of having the car moved while he was underneath it.   These findings show such negligence on the part of plaintiff in error as to preclude a recovery.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*